**Ronda S. MILLER, as Administratrix of the Estate of Edwin Ray DeVader; and Jennifer Sue DeVader and Greg Scott DeVader, by and through their natural mother and next friend, Ronda S. Miller, Plaintiffs,**

v.

**G & W ELECTRIC CO., Defendant.**

**No. 85–4041–R.**

United States District Court, D. Kansas.

April 4, 1990.

Randall J. Forbes, Frieden, Haynes & Forbes, Topeka, Kan., for plaintiffs.

Gary D. McCallister and Bruce J. Clark, Davis, Unrein, Hummer & McCallister, Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, Senior District Judge.

This is a products liability action. Plaintiffs are the wife and children of Edwin Ray DeVader, an employee of Kansas Power and Light Company (KP & L) who was severely injured and subsequently died as a result of an accident that occurred in an underground pit in downtown Topeka, Kansas. Plaintiffs contend that an electrical switch manufactured by the defendant caused the accident. Plaintiffs assert claims of strict liability, negligence, breach of express warranty and breach of implied warranty. This matter is presently before the court upon defendant's motion for summary judgment.

In considering the defendant's motion for summary judgment, the court must examine all the evidence in the light most favorable to the plaintiff. *Barber v. General Electric Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir.1981). Summary judgment is proper only when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Under this rule, the initial burden is on the moving party to show the court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party's burden may be met when that party identifies those portions of the record which demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2552.

Once the moving party has met these requirements, the burden shifts to the party resisting the motion. The non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. The party resisting the motion "may not rest upon the mere allegations or denials of his pleadings ..." to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of a scintilla of evidence will not avoid summary judgment; there must be sufficient evidence on which a jury could reasonably find for the nonmoving party. *Id.* at 251, 106 S.Ct. at 2511 (quoting *Schuylkill and Dauphin Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1872)).

Many of the facts concerning this accident are not in dispute. The court shall provide a brief review of the uncontroverted facts and then consider the remaining facts during the course of this opinion. On April 25, 1983, Edwin DeVader, in the course of his employment with KP & L, entered an underground electric vault in downtown Topeka, Kansas, with a co-employee for the purpose of performing a switching operation. A switch manufactured by the defendant, an RA manual switch, was contained in the underground vault. During the switching procedure, an explosion occurred in the vault. As a result of the explosion, Edwin DeVader suffered severe injuries ultimately resulting in his death.

In this action, plaintiffs claim that the defendant was negligent in the manufacture, design, testing and inspection of the RA manual switch. Plaintiffs further contend that the switch was in a defective condition unreasonably dangerous to persons expected to use it at the time it left the control of the defendant. Plaintiffs also assert that the defendant failed to properly warn of the dangers surrounding

the use of the switch. Finally, plaintiffs allege claims based on breach of express and implied warranties.

The defendant contends that it is entitled to summary judgment on all of the claims asserted by the plaintiffs. Defendant first argues that all of the plaintiffs' claims are barred by the Kansas Product Liability Act (KPLA), K.S.A. 60–3301 *et seq.* This argument is based on the contention that the accident in question occurred after the useful safe life of the switch as set forth in K.S.A. 60–3303. Defendant next argues that it is entitled to summary judgment on plaintiffs' failure to warn claims because it had no duty to warn of a hazard that was known by KP & L and Edwin DeVader. Finally, defendant contends that it is entitled to summary judgment on plaintiffs' warranty claims because plaintiffs have failed to allege and establish the requisite elements of express and implied warranties.

▉ The court shall begin with the defendant's argument that plaintiffs' claims are barred by K.S.A. 60–3303 because Edwin DeVader's accident occurred after the useful safe life of the switch. The statute relied upon by the defendant provides that "a product seller shall not be subject to liability in a product liability claim if the product seller proves by a preponderance of the evidence that the harm was caused after the product's 'useful safe life' had expired." K.S.A. 60–3303(a)(1). The "useful safe life" of a product "begins at the time of delivery ... and extends for the time during which the product would normally be likely to perform or be stored in a safe manner." *Id.* The "time of delivery" means when the product is provided to the first purchaser who is not engaged in the business of selling such products or using such products as component parts. *Id.* A presumption arises that the harm was caused after the useful safe life had expired when the harm occurs more than ten years after the time of delivery. K.S.A. 60–3303(b)(1). This presumption may be rebutted by the plaintiff by clear and convincing evidence. *Id.*

Defendant argues that plaintiffs' claims are barred by K.S.A. 60–3303 because the accident in question occurred more than ten years after the delivery of the electrical switch. The facts in support of this argument show that KP & L acquired the switch involved in this case in 1970. The accident in question occurred in 1983. Defendant asserts that plaintiffs cannot rebut the presumption that the useful safe life of the switch had expired by clear and convincing evidence as required by K.S.A. 60–3303(b)(1).

Plaintiffs argue that several exceptions contained in K.S.A. 60–3303 apply and preclude the entry of summary judgment for the defendant on this issue. Plaintiffs contend that (1) the defendant warranted for the switch for a period longer than ten years; (2) the defendant fraudulently concealed information about the switch; and (3) the injury causing aspect of the product was not discoverable until more than ten years after the time of delivery. Plaintiffs also argue that the evidence in the record is sufficient to rebut the presumption of a ten-year useful safe life.

The useful safe life statute does contain certain exceptions. The ten-year period of repose does not apply where (1) the product seller has expressly warranted the product for a longer period, K.S.A. 60–3303(b)(2)(A); (2) the product seller intentionally misrepresents facts about its product, or fraudulently conceals information about it, and that conduct was a substantial cause of the plaintiff's harm, K.S.A. 60–3303(b)(2)(B); or (3) if the injury causing aspect of the product was not discoverable by a reasonably prudent person until more than ten years after the time of delivery, K.S.A. 60–3303(b)(2)(D).

The court has carefully reviewed the evidence submitted to the court, and we are convinced that a genuine issue of fact remains for determination by the jury. The evidence concerning whether the defendant expressly warranted the switch in question for a period longer than ten years is in dispute. Plaintiffs have pointed to certain evidence showing that the defendant indicated that the RA manual switch had a useful safe life of thirty years. Defendant has responded that this evidence has little

value because plaintiffs have failed to come forward "with any G & W written material specifically stating the RA manual switch is warranted for thirty years." We disagree and find that sufficient evidence has been produced to create an issue of fact on this matter. Accordingly, the court shall deny defendant summary judgment on this basis.

The defendant next argues that it is entitled to summary judgment on plaintiffs' warning claims because it did not have a duty to warn under the circumstances of this case. The defendant argues that it had no duty to warn a highly trained, sophisticated and specialized end user such as KP & L or Edwin DeVader of the known and obvious risks surrounding the use of the switch. Defendant relies heavily upon *Younger v. Dow Corning Corp.*, 202 Kan. 674, 451 P.2d 177 (1969); *Jones v. Hittle Service, Inc.*, 219 Kan. 627, 549 P.2d 1383 (1976); and *Mays v. Ciba–Geigy Corp.*, 233 Kan. 38, 661 P.2d 348 (1983) for support of this argument.

In order to properly consider the issue presented by the defendant, we need to first examine the cases cited by the defendant. In *Younger*, the plaintiff, an employee of an industrial user, was injured as a result of inhaling chemical compounds manufactured by the defendant. The industrial user was informed of the potential danger in the use of the compounds. This warning, however, was not passed on to the plaintiff. In affirming a judgment in favor of the defendant, the Kansas Supreme Court held that the manufacturer of a potentially dangerous product who gives adequate warnings of such hazard by label or otherwise to an industrial user of the product has no additional duty to warn the user's employee of such hazards, and is not liable in a negligence action to such employees for failure to do so. 451 P.2d at 184. In reaching this conclusion, the Court noted both that the issue presented was an extremely narrow one and that the product in question was not a highly dangerous explosive or a poisonous product. *Id.*, 451 P.2d at 179, 184. The Court applied the standards set forth in Restatement (Second) of Torts § 388 and discussed in comment n. *Id.*, 451 P.2d at 180–81.

In *Jones*, the Kansas Supreme Court upheld summary judgment in favor of the defendant, a manufacturer of propane gas, based upon the lower court's finding that the manufacturer fulfilled its duty to the ultimate consumers when it verified that the distributor to whom it sold the product in bulk was adequately trained and informed of the hazardous characteristics of the gas, and would convey that knowledge to consumers. 549 P.2d at 1393. The most significant factor noted by the Court in *Jones* was the feasibility of conveying the warning directly to those affected by the propane gas. The Court noted that "the bulk wholesaler has no way of telling who the ultimate purchaser might be, and has no package on which to endorse any warning." *Id.*, 549 P.2d at 1394.

Finally, in *Mays*, the plaintiff was injured in a gas explosion that took place because his employer had made several serious mistakes in hooking up a new gas well to an existing separater. The Supreme Court affirmed summary judgment in favor of the defendant, finding that the manufacturer had no duty to warn the plaintiff. 661 P.2d at 365. The Court found that the manufacturer was under no duty to warn the plaintiff because the hooking up of a natural gas well is a highly specialized industrial activity, and the danger of explosion and fire during such activities is common knowledge. *Id.* "To [require the manufacturer to instruct plaintiff in gas pipeline laying] would place an impossible burden on manufacturers and sellers of industrial products." *Id.* The Court, however, was quick to distinguish the situation in *Mays* from "the operation of a machine commonly used by low echelon personnel or laborers where a simple warning on the machine may be necessary to advise or remind its users of a particular danger in the use of the machine." *Id.* Although the incident in *Mays* occurred prior to the enactment of the KPLA, the Supreme Court noted that K.S.A. 60–3305 stated the applicable rules of law on the duty of a manufacturer or seller to provide adequate warnings. *Id.*

The rules established in these cases have been to some extent codified by the Kansas legislature in K.S.A. 60–3305 of the KPLA. This statute provides as follows:

In any product liability claim any duty on the part of the manufacturer or seller of the product to warn or protect against a danger or hazard which could or did arise in the use or misuse of such product, and any duty to have properly instructed in the use of such product shall not extend: (a) To warnings, protecting against or instructing with regard to those safeguards, precautions and actions which a reasonable user or consumer of the product, with the training, experience, education and any special knowledge the user or consumer did, should or was required to possess, could and should have taken for such user or consumer or others, under all the facts and circumstances;

(b) to situations where the safeguards, precautions and actions would or should have been taken by a reasonable user or consumer of the product similarly situated exercising reasonable care, caution and procedure; or

(c) to warnings, protecting against or instructing with regard to dangers, hazards or risks which are patent, open or obvious and which should have been realized by a reasonable user or consumer of the product.

This court must be guided by K.S.A. 60–3305 of the KPLA. To the extent that additional guidance is necessary, we believe that the standards set forth in Restatement (Second) of Torts § 388 must be applied. *See King v. G.G.C., Inc.,* No. 86–6009–C (D.Kan., October 4, 1988). In *Younger, Jones* and *Hittle,* the Kansas Supreme Court either explicitly or implicitly adopted the teachings of § 388. Whether reasonable care requires warning beyond the manufacturer's immediate vendee depends upon various factors. Restatement (Second) of Torts § 388, comment n. Among them are the likelihood or unlikelihood that harm will occur if the vendee does not pass on the warning to the ultimate user, the trivial or substantial nature of the probable harm, the probability or improbability that the particular vendee will pass on the warning, and the ease or burden of the giving of warning by the manufacturer to the ultimate user. *Id.* As stated in comment n

regarding disclosure of the properties of products: "Where the danger involved in the ignorant use of their true quality is great and such means of disclosure are practicable and not unduly burdensome, it may well be that the supplier should be required to adopt them."

■ Having carefully reviewed the evidence before the court, we do not find that the cases cited by the defendant or K.S.A. 60–3305 requires the entry of summary judgment. Genuine issues of fact remain as to whether the defendant had no duty to warn Edwin DeVader because of the special knowledge possessed by KP & L and whether the dangers alleged by the plaintiff concerning the RA manual switch were so patent, open and obvious that they should have been realized by the reasonable user of the switch. The defendant has made some very persuasive arguments on these points, but we are not convinced that summary judgment should be granted.

Finally, we shall consider the defendant's arguments concerning plaintiffs' breach of warranty claims. Defendant contends that there is no evidence of any express warranty provided by the defendant concerning the RA manual switch. Defendant also argues that there is no evidence to warrant a finding that defendant breached its implied warranty of merchantability. Defendant asserts that the evidence demonstrates that Edwin DeVader's accident was not caused by the unfitness of the switch, but rather by expiration of the switch's useful safe life or by the misuse of the product by DeVader. Defendant also argues that it is entitled to summary judgment on plaintiffs' breach of implied warranty of fitness for a particular purpose because there is no evidence that KP & L used the switch in an unusual manner or relied upon defendant's skill or judgment in purchasing the switch.

■ The court finds that genuine issues of fact are present as to plaintiffs' express warranty and implied warranty of merchantability claims. Plaintiffs have pointed out that defendant's catalogs indicated that the RA manual switch was "safe" for normal operations. Defendant has not adequately addressed this assertion by the plaintiff, so we do not believe that

summary judgment would be appropriate on the plaintiffs' express warranty claim. In addition, there are a number of issues of fact which preclude summary judgment on plaintiffs' implied warranty of merchantability claim. However, we find that the defendant is entitled to summary judgment on plaintiffs' implied warranty of fitness for a particular purpose claim. The evidence shows that KP & L acquired the electrical switches for the ordinary purpose of switching. When goods are acquired for the ordinary purposes for which such goods are generally used, no implied warranty of fitness for a particular purpose arises. *Smith v. Stewart*, 233 Kan. 904, 667 P.2d 358, 361–62 (1983). Use of a product for ordinary purposes falls within the concept of merchantability. *Id.*

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be hereby granted in part and denied in part. Summary judgment shall be awarded to the defendant on plaintiffs' claim for breach of implied warranty for a particular purpose. The remaining claims shall be decided at trial.

IT IS SO ORDERED.